UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERY A. WOODS,
    Petitioner,

vs.

HARRY K. RUSSELL
    Respondent.

Case No. 1:01-cv-561

Beckwith, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on petitioner's "Motion for Leave Of Court To File New Trial And Or Rehearing Civ.R.58 Civ.R.59(1)(A)(B) And Motion To Amend The Petition: Civ. R.15(A)." (Doc. 33). For the reasons that follow, the motion should be denied.

Petitioner commenced this action on July 28, 2001, when he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1986 conviction and sentence in the Hamilton County, Ohio Court of Common Pleas. (*See* Doc. 1; Doc. 33 at PageID 24, n.1). On August 6, 2002, the Court entered a final Order and Judgment adopting a Report and Recommendation issued March 19, 2002 to deny the petition with prejudice on the ground that the petition was time-barred. (Doc. 19, 20). Specifically, the Court found that because petitioner's cause of action accrued prior to the enactment of the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioner was permitted a one-year grace period from the April 24, 1996 enactment date in which to file his habeas corpus petition. (*See* Doc. 33 at PageID 26). After determining that statutory and equitable tolling principles did not apply to the petition, the Court held that the applicable statute of limitations expired on April 24, 1997 and the petition, filed on July 28, 2001, was time-barred. Petitioner filed a motion for relief from judgment (Doc. 21), which was denied on March 21, 2003. (Doc. 30).

Meanwhile, petitioner filed an appeal with the United States Court of Appeals for the Sixth Circuit. (Doc. 22). On January 23, 2003, the Court of Appeals denied petitioner's motion for a certificate of appealability and all pending motions. (Doc. 29). The appeals court also denied petitioner's motion for a rehearing on its January 23, 2003 order. (Doc. 31).

Roughly two years later, petitioner filed a motion in the Sixth Circuit seeking authorization under 28 U.S.C. § 2244 to file a second or successive habeas corpus petition. On March 23, 2005, the Sixth Circuit denied the motion. (Doc. 32).

Now, ten years later, petitioner has submitted a filing in this Court titled "Petitioner Motion for Leave Of Court To File New Trial And Or Rehearing Civ.R.58 Civ.R.59(1)(A)(B) And Motion To Amend The Petition: Civ. R.15(A)." (Doc. 33). In the motion, petitioner claims that the Court erred in applying AEDPA's one year statute of limitations to his petition. Petitioner also requests that if a rehearing of his case is granted, that he be permitted to amend his petition to add another claim. (Doc. 33 at PageID 19).

Petitioner's motion should be denied. As an initial matter, petitioner is not entitled to a new trial under Fed. R. Civ. P. 59(a)(1)(A) or (B), which states that the Court may grant a new trial "(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(A) & (B). However, because petitioner's habeas petition was not adjudicated by a trial in the Court, Rule 59 is inapplicable. *See Tillman v. Warren*, No. 04-40092-BC, 2009 WL 1798118, at *1 (E.D. Mich. June 23, 2004) ("Rule 59 is inapplicable because it provides for a new trial—a circumstance not implicated with a petition for writ of habeas corpus."); *Strickland v. R.C. Lee*, No. 3:02-cv-33-mu,

2007 WL 1792503, at *1 (W.D.N.C. June 19, 2007) ("Because this Court did not hold a trial to resolve Petitioners' Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254, Rule 59(a) is inapplicable."). Furthermore, Rule 59 specifies that the time to file a motion for a new trial or to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59 (b), (e). In this case, petitioner waited more than thirteen years after the Court entered its August 6, 2002 judgment entry finding his petition time-barred. The undersigned likewise finds that a new trial is not warranted under Fed. R. Civ. P. 58, the other basis upon which petitioner seeks relief. Petitioner has not indicated how Rule 58, which sets forth the rules governing entering judgments, applies to the instant action.

Even if the Court were to construe the motion as being brought pursuant to Fed. R. Civ. P. 60(b), the motion should still be denied. The Sixth Circuit has stated that a Rule 60(b) motion "represents the sole authority, short of a successive application approved by this court, under which a district court may entertain a challenge to a prior denial of habeas relief." *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010). A Rule 60(b) motion "continues to have limited viability in the habeas context" to the extent that the Court may consider a prior denial of habeas relief when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 335-36 (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 532 n.4 (2005)).[1]

---

1 Fed. R. Civ. P. 60(b) provides in pertinent part that the federal district court may provide relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Relief under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop,*

3

Upon review of petitioner's motion and the prior Report and Recommendation adopted by the District Court, the undersigned concludes that petitioner is also not entitled to relief under Fed. R. Civ. P. 60(b). As noted above, petitioner claims the Court erred when it applied AEDPA's one year statute of limitations in denying his habeas petition. Specifically, petitioner claims that the Court should not have retroactively applied AEDPA to his 1986 conviction and sentence. Citing *Bennett v. Artuz*, 199 F.3d 116, 119 (2nd Cir. 1999), petitioner argues that "[t]he trial court err[ed] when the court applied the one-year grace period because the petitioner did not have any state court proceeding pending at the time the new statute § 2244 was enacted." (Doc. 33 at PageID 18).

As in this case, the petitioner in *Bennett* challenged his conviction and sentence that predated the enactment of AEDPA on April 24, 1996. The Second Circuit found that "prisoners whose habeas claims accrued prior to AEDPA's enactment are afforded the reasonable time of one year after the effective date of AEDPA to file a federal habeas petition." *Bennett*, 199 F.3d at 118 (citation and quotation marks omitted). The *Bennett* court further determined that a property filed state post-conviction motion pending during the one-year grace period operated to toll the statute of limitations. (*Id.* at 119). However, the court did not, as petitioner apparently contends, hold that the one year grace period is only applicable when the petitioner had a state court proceeding pending when the AEDPA was enacted. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002) ("For prisoners . . . whose convictions were finalized prior to enactment of the AEDPA, this Circuit has ruled that they have one additional year after the Act's effective date to file a habeas

---

*Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (quoting *Dickerson v. Board of Educ. of Ford Heights, Illinois*, 32 F.3d 1114, 1116 (7th Cir. 1994)). The court's discretion to vacate a judgment pursuant to Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)) (internal citation and quotation omitted).

4

petition."). Therefore, petitioner's argument is without merit.

Accordingly, in sum, having found that petitioner is not entitled to relief under Fed. R. Civ. P. 58, 59, or 60(b), his motion (Doc. 33) should be denied. Because a rehearing is not warranted in this matter, petitioner's request for leave to amend his habeas petition should also be denied.

**IT IS SO RECOMMENDED.**

Date: 7/22/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERY A. WOODS,
Petitioner,

vs.

HARRY K. RUSSELL
Respondent.

Case No. 1:01-cv-561

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).