**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Jeffrey A. Woods,              )
                                       )
                  Petitioner,    ) Case No. 1:01-CV-561
                                       )
    vs.                          )
                                       )
Harry K. Russell,           )
                                       )
                  Respondent.   )

**O R D E R**

This matter is before the Court on Petitioner Jeffrey A. Woods's Motion for Leave of Court to File New Trial or Rehearing Civ. R. 58 Civ. R. 59(a)(1)(B) and Motion to Amend the Petition; Civ. R. 15(A), Magistrate Judge Litkovitz's Report and Recommendation of July 22, 2016 recommending that Petitioner's motion be denied (Doc. No. 34), and Petitioner's objections to the Report and Recommendation (Doc. No. 35). For the reasons that follow, Petitioner's objections are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. Petitioner's motion is not well-taken and is **DENIED.**

In 1986, Petitioner was convicted of several rape and robbery offenses in the Hamilton County Court of Common Pleas and sentenced to an indeterminate term of 15 to 50 years of imprisonment. This Court previously determined that Petitioner's convictions became final for purposes of 28 U.S.C. § 2244(d)(1) in January 1988. Doc. No. 33 at 11. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in August 2001. In 2002, however, the Court determined that Petitioner's petition was

1

untimely because he failed to file it within the one-year after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  Doc. Nos. 17, 19, 33 at 7-15.  The Court of Appeals subsequently denied Petitioner a certificate of appealability on the Court's judgment. Doc. No. 29.

In 2005, the Court of Appeals denied Petitioner leave to file a second or successive petition for writ of habeas corpus.  Doc. No. 32.

Over ten years later, in December 2015, Petitioner filed the instant motion, which is captioned as a motion for a new trial or rehearing, in which he claims that the Court erred in applying the AEDPA statute of limitations to his original habeas petition.   Citing Bennett v. Artuz, 199 F.3d 116, 119 (2nd Cir. 1999), Petitioner contends that the Court erred in applying the AEDPA statute of limitations because he had no state court proceeding pending when the AEDPA was enacted.  Judge Litkovitz analyzed Petitioner's motion under Rules 58, 59, and 60 of the Federal Rules of Civil Procedure and concluded that he is not entitled to relief.   Judge Litkovitz also found that Petitioner's reliance on Bennett was misplaced as it does not, as he contends, hold that the AEDPA grace period applies only when the petitioner has a state court proceeding pending.  Judge Litkovitz recommended denying Petitioner's motion.   Judge Litkovitz also recommended denying Petitioner a certificate of appealability and leave to appeal in forma pauperis.  Petitioner filed timely objections to the Report and Recommendation.

Having reviewed the Report and Recommendation de novo pursuant to Fed. R. Civ. P. 72(b), the Court concludes that it is correct in all respects.

As Judge Litkovitz correctly found, Rules 58 and 59 have no applicability in this case. Judge Litkovitz also correctly determined that Petitioner is not entitled to relief under

2

Rule 60(b).  Petitioner's motion contending that Court erred over 14 years ago in applying

the AEDPA statute of limitations to his case comes well-beyond any reasonable time for

seeking relief from that judgment.  See generally Fed. R. Civ. P. 60(c)(1) (stating that a

Rule 60(b) motion must be made within a reasonable time after the entry of judgment).

Moreover, since the Court of Appeals denied Petitioner a certificate of appealability from

the Court's dismissal of his original habeas petition, his current motion is likely precluded

on res judicata grounds.  Petitioner's reliance on Bennett for relief is wrong for the reasons

stated by Judge Litkovtiz.

Conclusion

1. Petitioner's objections to the Report and Recommendation  are not well-taken and are **OVERRULED.**

2. The Court **ADOPTS** the Report and Recommendation.

3. Petitioner's motion (Doc. No. 33) is not well-taken and is **DENIED.**

4. A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.  See also 28 U.S.C.A. § 2253(c); Fed. R. App. P.22(b). Petitioner remains free to request issuance of a certificate of appealability from the Court of Appeals.  Id.

5. The Court certifies pursuant to 28 U.S.C.A. §  1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Petitioner leave to appeal this order in forma pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


      **IT IS SO ORDERED**

Date August 15, 2016               s/Sandra S. Beckwith
                          Sandra S. Beckwith
                          Senior United States District Judge

3